30 C.C.P.A.(Patents)

## In re FISHER.

### Patent Appeal No. 4682.

United States Court of Customs and Patent Appeals.

May 3, 1943.

Rehearing Denied June 1, 1943.

Frederic P. Warfield, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner in finally rejecting claims 2, 3, 4, 5, 7, 13 and 17 of an application for a patent for certain new and useful improvements in carburetors. Claim 14, rejected by the examiner, was allowed by the board. The tribunals below rejected the claims as unpatentable over the prior art.

Claim 2 is illustrative of the subject matter of the involved claims and reads as follows: "2. In a carburetor for internal combustion engines, a mixing chamber, means for supplying to said mixing chamber an economy mixture incapable of operating the engine to full capacity, means controlled by said supplying means to enrich said mixture, a second mixing chamber independent of said first mixing chamber, means for supplying a power mixture to said second mixing chamber, means for connecting said chambers with the intake manifold of the engine, means for controlling the operation of said mixing chambers in succession, and means for combining the mixtures therefrom."

The references cited are: Lobdell, 1,152,031, August 31, 1915; Maire, 1,368,178, February 8, 1921; McCarty, 1,901,564, March 14, 1933; Sanctorum, 2,058,831, October 27, 1936.

The application relates to carburetors for use with internal combustion engines comprising a pair of chambers or barrels opening into a common outlet throat. One of the chambers, called in the application a "primary mixing chamber or economy barrel", is designed "to deliver a mixture sufficiently lean to achieve the highest degree of economy from idling to cruising speeds, but insufficient to enable the engine to reach full capacity." The second chamber, called in the application a "power barrel", is designed to operate efficiently under heavy loads. The barrels are controlled by connected means so that the valve of the power barrel does not begin to open until the valve in the economy barrel is about three-quarters open.

The involved claims were rejected by the Primary Examiner on each of the patent references, the examiner setting out in his statement that "As discussed above each

reference shows two or more mixing chambers, control means for operating them successively and an outlet for combining the mixtures." The board in its decision agreed with the reasoning of the examiner as applied to the claims before us.

We do not deem it necessary to describe in detail the disclosures of the references for the reason that they are generally similar and apply to the claims in the same way. It suffices to state that the cited prior art shows carburetors with a plurality of mixing chambers and suitable throttle valves, jets, and conventional apparatus for a carburetor in each of the mixing chambers. The cited art further discloses throttle valves operated in sequence so that one valve does not start to open until the valve in the other chamber has been opened in varying degrees, and this we think meets the alleged invention defined by the rejected claims.

Appellant contends there is nothing in the prior art which meets his limitation of "means for supplying to said mixing chamber an economy mixture incapable of operating the engine to full capacity". We think it is obvious that in each of the references the patentee had in mind and taught that the full air ratio of the mixtures would be a matter of selection to provide desired economy of fuel consumption at lower speeds and an enriched mixture when full power was desired from the engine. The difference in mixture, it seems to us, is determined entirely by the performance desired by the engine, and the carburetor defined by the rejected claims merely conforms to such principle.

The examiner stated "All conventional carburetors employ devices producing the desired mixture ratios." This holding has not been disputed by appellant. Moreover, it seems to us that in view of the prior art if appellant desired a mixture incapable of operating the engine to full capacity it would have been obvious to so regulate by conventional means the mixture of gas and air.

Appellant further contends that the prior art does not disclose mixing chambers independent of each other. The Lobdell patent discloses two chambers, one of which operates before the other, the opening of the second chamber being synchronized with a greater opening in the first chamber. The two chambers in the carburetor of Lobdell are divided by a partition which is similar in all respects to the partition shown in the application except that it does not extend to the top of the chambers. The chambers of the Lobdell patent are just as physically distinct and separately controlled as those defined in the rejected claims. It is true that they draw air from a common inlet while the device of the application draws air from separate inlets. We do not think the mere fact that the Lobdell chambers draw air from a common inlet would cause them to be considered any less independent than are the chambers of the application, which discharge through a common throat. Moreover, the Maire patent discloses distinct inlets for the mixing chambers and we think if it were desirable it would not involve invention to apply the inlets of the Maire patent to the Lobdell device.

Claims 3, 4, 5, 7 and 17 are drawn substantially to the same combination of elements as claim 2. Claim 13 sets out as an additional element the idling jet. This, however, is a conventional feature in carburetors and is clearly shown in the patent to McCarty. We are in accord with the statement contained in the brief of the Solicitor that "The addition of such a jet to an otherwise unpatentable system clearly would not, in the present state of the art, produce anything patentable."

The decision of the Board of Appeals is affirmed.

Affirmed.